## Ex parte CICERO LONG.

No. A-9672.  June 5, 1939.
(91 P. 2d 100.)

Wallace Wilkinson, of McAlester, for petitioner.

Paul Gotcher, Co. Atty., of McAlester, for respondent.

PER CURIAM. The petitioner, Cicero Long, filed in this court June 5, 1939, a petition wherein he alleges that he is unlawfully restrained of his liberty and imprisoned in the county jail of Pittsburg county by Walter Haggard, sheriff of said county, and that his unlawful confinement and detention consists of this, to wit: That, by information filed in the district court of said county, he is charged with the murder of one Gilbert Stewart, alleged to have been committed in said county, on or about the 30th day of April, 1939, by striking the said Gilbert Stewart with a certain club, about twenty-six inches in length, thereby inflicting certain mortal wounds, of which said wounds so inflicted said Gilbert Stewart languished and did die on the 13th day of May, 1939, and on his preliminary examination he was held without bail to the district court of Pittsburg county. That later an application for bail was made to the district judge of said county, which application was denied.

He further alleges that he is not guilty of the crime of murder as charged in the information; that upon the evidence introduced at said preliminary examination, together with the testimony of the petitioner, as a witness in his own behalf before the district court, and the testimony of other witnesses which are presented herewith, it is shown that the proof of his guilt of the crime of murder is not evident nor the presumption thereof great.

On this day petitioner being represented by his counsel, Wallace Wilkinson, and the state by Paul Gotcher, county attorney of Pittsburg county, and after hearing the argument of counsel the cause was submitted.

Since the weight and effect of all the evidence will be submitted to a jury, and should be so submitted without an intimation from this court, or the trial court, as to its probative force, we refrain from expressing our views, so far as it relates to the weight and credibility of the evidence.

After considering the application and the evidence in support thereof, we think the issue of manslaughter in the first degree is presented by the testimony. It follows that petitioner, as a matter of right, is entitled to be admitted to bail pending further proceedings in the trial court, and it is the conclusion of the court that bail should be allowed in the sum of $7,000, conditioned as by law provided for his appearance to answer said charge in the district court of Pittsburg county. Said bond to be approved by the court clerk of said county. And upon the approval of said bond, he shall notify the respondent, sheriff, who shall thereupon discharge the petitioner from custody.